IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOMMIE E. EVANS,

                    Petitioner,                    ORDER

v.

                                          10-cv-328-slc[1]

ROBERT HUMPHREYS, Warden,
Racine Correctional Institution.

                    Respondent.

---

      Tommie Evans, an inmate at the Racine Correctional Institution, has filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1.)  He has paid the five dollar filing fee.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Evans challenges his September 2005 judgment of conviction in the Circuit Court for Dane County for two counts of armed burglary, one count of armed robbery with the threat of force and one count of possession of a firearm by a felon.  In an earlier petition for a writ of habeas corpus, Case No. 09-181-slc, Evans challenged the same conviction, raising (1) an exhausted claim to this court, that the evidence adduced at trial was insufficient to support the verdicts, and (2) an unexhausted claim that his lawyer was ineffective for his alleged failure to obtain testing of a Tums bottle left at the crime scene.  Evans asked the court to issue an order staying the petition while he exhausted this second issue in state court.  The court denied the request for a stay, finding that he had already been afforded sufficient time to exhaust his unexhausted claim, but allowed him the opportunity to decide whether he wanted to abandon his unexhausted claim and  proceed with his

---

[1] Because the parties have not yet consented to a definitive role for the Magistrate in this case, Judge Conley is acting for the court for the purpose of issuing this order.

current petition for a writ of habeas corpus on his challenge to the sufficiency of the evidence. (Dkt. #6.) After Evans failed to respond to the court's order, his petition was dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). (Dkt. #7.)

In this second petition for a writ of habeas corpus, Evans raises only the exhausted ground for insufficiency of the evidence, but also indicates that state court proceedings concerning his unexhausted claim for ineffective assistance are pending. The court will allow Evans an opportunity to advise if he is certain he wishes to proceed because (1) Evans may be hoping to proceed on parallel tracks (to "have his cake and eat it too") and (2) the current state of the law holds that proceeding with only his exhausted claim, even in a separate action, will prevent his later challenge to the unexhausted claim. If Evans wishes to withdraw this second petition in order to proceed later on both his sufficiency and inadequate assistance claims once the latter is exhausted, then he should advise the court not later than August 2, 2010. If the court receives no response from Evans by that date, it will proceed to decide the merits of his second petition understanding that this may work as a bar to any later challenge he may wish to bring for ineffective assistance absent permission from the Seventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

ORDER

IT IS ORDERED that petitioner Tommie E. Evans should advise the court not later than August 2, 2010 if he wished to proceed solely on his insufficiency of the evidence claim. If the court receives no response from Evans by that date, it will decide the merits of the petition.

Entered this 19th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge