IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOMMIE E. EVANS,

                Petitioner,                       OPINION AND ORDER

v.

                                                      10-cv-328-slc

ROBERT HUMPHREYS, Warden,
Racine Correctional Institution.

                Respondent.

---

Tommie Evans, an inmate at the Racine Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Originally, his petition appeared to be asking to proceed on his exhausted claim of the insufficiency of the evidence, despite it meaning he may later be barred from challenging in federal court his unexhausted claims pending in the state system. Nevertheless, the Court gave Evans the opportunity to advise if he was certain he wanted to proceed only on his exhausted claim and thereby potentially abandon any federal attack as to unexhausted claims. Despite the negative consequences on any of those claims, Evans has confirmed that he wants to proceed now on his exhausted, insufficiency-of-evidence claim.

After a jury trial, petitioner Tommy Evans was prosecuted in state court on two counts of burglary while armed with a dangerous weapon, one count of armed robbery with threat of force and one count of possession of a firearm by a felon. Evans was found guilty

on all counts and sentenced as a repeat offender.

Evans appealed. On November 15, 2007, the Wisconsin Court of Appeals found that the evidence was sufficient to support the jury's verdicts. On January 22, 2008, the Wisconsin Supreme Court denied Evans's petition for review.

In his habeas petition to this court, Evans contends the evidence was insufficient to support the jury's verdict. Certainly Evans appears to have exhausted his state court remedies with respect to this issue and has filed his petition within the one-year limitations period. Accordingly, the state must respond to the petition.

ORDER

IT IS ORDERED THAT:

1. **Service of petition**. Pursuant to an informal service agreement between the Attorney General and the court, the Attorney General is being notified to seek service on Robert Humphreys.

2. **Answer deadline**. Within 30 days of the date of service of this order, respondent must file an answer to the petition, in compliance with Rule 5 of the Rules Governing Section 2254 Cases, showing cause, if any, why this writ should not issue.

3. **Motions to dismiss**. If the state contends that the petition is subject to dismissal on its face - - on grounds such as the statute of limitations, an unauthorized successive petition, lack of exhaustion or procedural default - - then it is authorized to file within 30 days of this order, a motion to dismiss, a supporting brief and any documents relevant to the motion.

2

Petitioner shall have 20 days following service of any dismissal motion within which to file and serve his responsive brief and any supporting documents. The state shall have 10 days following service of the response within which to file a reply.

    4. **Denial of motion to dismiss**. If the Court denies such a motion to dismiss in whole or in part, then it will set deadlines for the state to file its answer and for the parties to brief the merits.

    5. **Briefing on the substantive merits**. If respondent does not file a motion to dismiss, then the parties shall adhere to the following briefing schedule regarding the merits of petitioner's claims:

- Petitioner shall file a brief in support of his petition within 30 days after respondent files its answer. With respect to claim adjudicated on the merits by the Wisconsin Court of Appeals, petitioner must show either that (1) the state appellate court contravened a controlling opinion of the United States Supreme Court;(2) the state appellate court applied a controlling opinion of the United States Supreme Court in an unreasonable manner; or (3) the state appellate court's decision rested upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

- Respondent shall file a brief in opposition within 30 days after petitioner files his initial brief.

- Petitioner shall have 20 days after respondent files its brief in which to file a reply brief.

Entered this 17th day of August, 2010.

                BY THE COURT:

                /s/
                WILLIAM M. CONL:EY
                District Judge